DEPARTMENT OF WELFARE OF THE CITY OF NEW YORK, Petitioner, *v.* " ROSINA BRANCANO ", Respondent.*

Domestic Relations Court of the City of New York, Family Court, New York County, April 9, 1954.

" *Rosina Brancano* ", respondent in person.

PANKEN, J: It is and has been my firm opinion that commitment of children by the department of welfare is a procedure harmful both to the children, to the parents and unquestionably to the community.

In the instant case, Mrs. DeVries, for whom I have a great regard, reports that jurisdiction was taken of these children by the department of welfare, one, because the mother was living with some man in a meretricious relationship; two, that men were visitors to the home of the mother (the implication conveyed was that they visited for immoral purposes); three, that the woman had neglected her children. The department of welfare stepped in and took the children and they were taken from the mother without any determination, decision or inquiry by a duly constituted judicial authority.

* Fictitious names used herein for purposes of publication.

The children have been separated from their mother. If she is an evil person it may have redounded to the benefit of the children. If she is not an evil person, then it may have been detrimental to the children. The mother has some rights with regard to her children, and she should not be deprived of her rights to have the association of her children or fend for them without due process of law. The taking of the children by the department of welfare without an inquiry and a determination by a court is not due process of law.

Insofar as the records in the city are concerned, this woman has been denominated, if not convicted, as an immoral person, unfit to look after her children. That is depriving the woman of her character and reputation without due process of law. That is not fair. It certainly is not right. The cost to the city for the care of these children is upwards of $70 weekly or approximately $3,500 a year. The children have now been cared for by the city at a cost of approximately $15,000 since the department of welfare took them, again I say, without due process of law, and so the community has been saddled with the cost of $15,000, without a determination by an instrumentality having jurisdiction under the law to determine whether the children should have been deprived of their mother or not, and the mother deprived of her children or not.

I have in the past disapproved in no mistaken terms the activities of the department of welfare in this particular phase of its activities, and as case after case comes before me, the disapproval has become condemnatory. We are living in a civilized community and under law no person should be deprived of his freedom, nor shall a person be deprived of his rights, nor shall a person be freed of his obligations without due process of law. That is guaranteed to every man, woman and child under the Federal Constitution as well as under the State Constitution.

The respondent herein, who is the mother of the children, is chargeable with their support. The amount she would be required to pay for the support of the children must be determined by her ability to do so. On the testimony in this case I direct that she pay $20 weekly towards the support of the children. It is good that she do so and it is good for the children, for they will learn that their mother has to the extent of her ability, provided for them.